## BAIRD vs. DUNNING.

ERROR TO CIRCUIT COURT, DODGE COUNTY.

Heard January 13.]　　　　　　　　　　　　[Decided May 4, 1860.

### Trespass—Negligence.

An action for wilfuly and maliciously driving against the wagon of the plaintiff, whereby he was injured, &c., is not sustained by proof that the act of the defendant arose from the fractious and unmanageable disposition of his horses, and in spite of the defendant's efforts to restrain them.

The facts in this case will sufficiently appear in the opinion of the court.

*Collins, Atwood, & Haskell,* for the plaintiff in error.

Baird vs. Dunning.

*By the Court*, PAINE, J. The complaint in this case was for wilfully and maliciously driving against the wagon in which the plaintiff was, whereby he was injured. There was a motion for a nonsuit, and also for a new trial, for the reason among others, that the verdict was not supported by the evidence. The judge properly instructed the jury that there could be no recovery under this complaint, except for a wilful and wrongful act. But that being so, we think that he erred in overruling the motion for a nonsuit, and for a new trial. The bill of exceptions contains all the evidence, and we see nothing to show a wilful injury. On the contrary, it seems clear from the whole of it, that the injury arose from the unmanagebleness of the defendant's horses. He testified that the noise of the one horse wagon behind him, made his horses "fractious," and act "bad," and the plaintiff testified that the defendant stopped and "motioned" them to pass him, and that when they went by, he noticed that the "off horse" of the defendant was "acting fractious." This all corroborates the testimony of the defendant, and there is nothing to contradict it, that his horses became unmanageable, and ran against his will and in spite of his efforts to restrain them, upon the one horse wagon.

Whether the defendant was guilty of negligence or unskilfulness in managing his horses, or whether the plaintiff or those in the one horse wagon were guilty of negligence in stopping in the middle of the road, when notified that defendant's horses were coming at a furious rate, it was immaterial to determine in this action, which was not brought for a negligent, but for a wilful injury. There was no evidence to support the verdict. The judgment is reversed with costs, and the cause remanded for a new trial.